From Homer L. Kreider, Harrisburg, Pa.

## Fees at State Teachers Colleges

ARNOLD, Deputy Attorney General, October 17, 1933.—You have asked us to advise you as to your duties under the following circumstances:

The rules prescribed by the authorities of the various State teachers colleges require that all fees due from students, except enrollment and service fees, must be paid quarterly in advance. Enrollment and service fees must be paid on the date of registration. A number of students in the teachers colleges have been handicapped by the fact that their funds, or the funds of their parents, are tied up in banks which are operating on a restricted basis.

In those cases, you have endeavored to have the pupils obtain responsible guarantors for the payment of fees, and where that was impossible you have instructed your agents to obtain from the students or their parents assignments of the deposits in the restricted banks.

Your inquiry is whether, in cases where such guaranties or assignments have been obtained, it is a violation of the law to permit the accounts to run on unpaid until such time as the funds on deposit in the banks may become available. And finally you ask whether, if this practice is not proper, you should "refuse the privilege to these students to continue their school work".

Sections 2008 and 2009 of the School Code (the latter having been last amended by the Act of June 1, 1933, P. L. 1152) direct that the boards of trus-

tees of the several State teachers colleges, with the approval of the Superintendent of Public Instruction, shall prescribe the fees to be paid by students.

Section 206 of The Fiscal Code of April 9, 1929, P. L. 343, makes it the duty of your department, among other things, "to collect all amounts, payable by or for pupils, for instruction and maintenance in State-owned educational institutions, including State normal schools and State teachers' colleges". Section 210 of The Fiscal Code, as last amended by the Act of June 1, 1931, P. L. 318, provides for the appointment of agents of your department at the various institutions.

In our opinion, you may exercise a reasonable discretion under these circumstances. If you are satisfied that the security offered by a student, either in the form of surety or an assignment of a restricted bank account, is ample to assure payment of the amounts that will become due the Commonwealth, you would be justified in accepting such security in lieu of immediate cash payment. However, we believe that the situation could be simplified for the future if the rules of the teachers colleges which now govern payment of fees were amended to provide for the extension of the time for payment in meritorious cases and under reasonable restrictions. Authority to grant such extensions could be vested in an officer of the institution, or the trustees themselves could act if they chose to do so.

In any case, however, we do not consider it within the jurisdiction of your department to refuse any student admission to a college or to classes therein. That is a matter for control by the boards of trustees of the various colleges.

From C. P. Addams, Harrisburg, Pa.